IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Armando Lopez, Jr., <br><br> Petitioner, <br> v. <br><br> Charles L. Ryan, et al., <br><br> Respondents. | No. CV-15-02436-PHX-SPL <br><br> **ORDER** |

The Petitioner, Armando Lopez Jr, is currently serving a forty two year prison term in Douglas, Arizona. He was convicted in the Pinal County Superior Court for two counts of attempted murder and one count of burglary. Petitioner filed a *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) on December 1, 2015. Respondents filed a Limited Answer (Doc. 10), stating that the Petition should be dismissed as untimely under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), and that the Petitioner's claims are unexhausted and procedurally defaulted. Petitioner filed a Reply (Doc. 11) and a supplement to his Petition (Doc. 12). Additionally, United States Magistrate Judge Deborah M. Fine has issued a Report and Recommendation ("R&R") recommending that the Court deny and dismiss the petition (Doc. 14) as untimely because the Petition was filed on November 24, 2015 and Judge Fine believed the filing of the Petition to be several years after the AEDPA's one year statute of limitations had expired. The Petitioner timely filed Objections to the R&R (Doc. 15). Additionally, the petitioner filed a Motion to Stay the Habeas Proceedings

with Leave to Amend or Leave to file a Second Successive Petition (Doc. 16). Respondents filed a response to Petitioner's Motion to Stay the Habeas Proceedings and for Leave to Amend (Doc. 18). Petitioner subsequently replied to the response from the Respondents and requested an Evidentiary Hearing (Docs. 19, 20). Petitioner also filed a Motion for Leave to Amend the previously filed Petition (Doc. 21), and subsequently lodged an Amended / Supplement (Doc. 22). Petitioner does not object to the correctness of the factual background in the R&R, which the Court adopts and incorporates. For the following reasons, the Court accepts and adopts the R&R, and denies the petition.

A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). When a party files a timely objection to an R&R, the district judge reviews *de novo* those portions of the R&R that have been "properly objected to." Fed. R. Civ. P. 72(b). A proper objection requires specific written objections to the findings and recommendations in the R&R. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); 28 U.S.C. § 636(b)(1). It follows that the Court need not conduct any review of portions to which no specific objection has been made. *See Reyna-Tapia*, 328 F.3d at 1121; *see also Thomas v. Arn*, 474 U.S. 140, 149 (1985) (discussing the inherent purpose of limited review is judicial economy). Further, a party is not entitled as of right to *de novo* review of evidence or arguments which are raised for the first time in an objection to the R&R, and the Court's decision to consider them is discretionary. *United States v. Howell*, 231 F.3d 615, 621-622 (9th Cir. 2000).

The Writ of Habeas Corpus alleged a Sixth Amendment violation based on competency issues, a due process violation based on prosecutorial misconduct and an allegation of a multiplicitous indictment (Doc. 1 at 6-8). The Petitioner objected to the R&R (Doc. 15) arguing that section 2255 provides for relief from the one year deadline under certain circumstances, and that Judge Fine failed to address the competency issues raised in the Petition (Doc. 15 at 2). Additionally, the Petitioner argued the government was involved in prosecutorial misconduct and that the indictment was multiplicitous in

violation of the Fifth Amendment (Doc. 15 at 3).

The Court concludes that Magistrate Judge Fine's recommendations are correct. The Court adopts Judge Fine's R&R and the underlying reasoning. The Court expressly finds that after the Petitioner chose not to file a Petition for review with the Arizona Supreme Court, the convictions became final on November 8, 2010, which was the date that the Petitioner could no longer appeal to the Arizona Supreme Court (Doc. 10-2 at 210). This Court further finds that the Petitioner filed his Petition with this Court on November 24, 2015 which was not timely. The equitable tolling arguments from the Petitioner are not persuasive. The Court did not find any extraordinary circumstances or diligence on the part of the Petitioner that would trigger his entitlement to equitable tolling.

The Court has undertaken an extensive review of the sufficiently developed record and the issues presented in the objections, without the need of an evidentiary hearing. Having carefully reviewed the record, the Petitioner has not shown that he is entitled to habeas relief pursuant to 28 U.S.C. § 2244. Finding none of Petitioner's objections have merit, the R&R will be adopted in full. Accordingly,

**IT IS ORDERED:**

1. That Magistrate Judge Fine's Report and Recommendation (Doc. 14) is **accepted** and **adopted** by the Court;

2. That the Motion to Stay the Habeas Proceedings with Leave to Amend or Leave to file a Second Successive Petition (Doc. 16) is **denied**;

3. That the Motion for Evidentiary Hearing (Doc. 20) is **denied**;

4. That the Motion for Leave to Amend the Petition (Doc. 21) is **denied**;

5. That the Petitioner's Objections (Doc. 15) are **overruled**;

6. That the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2244 (Doc. 1) is **denied** and this action is **dismissed with prejudice**;

7. That a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal are **denied** because the dismissal of the Petition is justified by a plain

procedural bar and reasonable jurists would not find the ruling debatable; and

8. That the Clerk of Court shall **terminate** this action.

Dated this 11th day of July, 2017.

Honorable Steven P. Logan
United States District Judge